# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

EDUARDO BUSCA,

        Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

        Defendant.

_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, EDUARDO BUSCA, by and through undersigned counsel, and brings this action against the Defendant, WELLS FARGO BANK, N.A. ("WELLS FARGO"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.41 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, WELLS FARGO was and is a National banking institution chartered and supervised by the Office of the Comptroller of the Currency ("OCC"), an agency in the U.S. Treasury Department, pursuant to the National Bank Act, duly licensed to transact business in the State of Florida, with a principal address of 420 Montgomery St., San Francisco, CA 94163, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

8. Upon information and belief, Wells Fargo Home Mortgage, Inc. merged with and into Wells Fargo Bank, N.A. Thus, for ease of reference, Wells Fargo Home Mortgage, Inc. and Wells Fargo Bank, N.A. will be referred to as WELLS FARGO.

9. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida, and owns a home, which is Plaintiff's primary residence, in Miami-Dade County.

10. At some point in time prior to the violations alleged herein, WELLS FARGO was hired to service the subject loan.

11.     At all times material hereto, WELLS FARGO, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at ***** Durnford Dr., Hialeah, Florida 33014.

## BACKGROUND AND GENERAL ALLEGATIONS

12.     On or about June 12, 2006, Plaintiff entered into a fixed rate promissory note agreement with Wachovia Mortgage Company (the "Note").

13.     The Note was secured by a mortgage on Plaintiff's residence located at ***** Durnford Dr., Hialeah, Florida 33014, in favor of Mortgage Electronic Registration Systems, Inc. (the "Mortgage")(the "Note" and the "Mortgage" are collectively referred to as the "Loan").

14.     The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

15.     On or around August 2013, a foreclosure action was filed against Plaintiff in Miami-Dade County, Florida, bearing Case No. 2013-26445-CA (the "Foreclosure").

16.     On July 15, 2014, Loan Lawyers, on behalf of Plaintiff, submitted a loss mitigation package ("LMP") to WELLS FARGO via facsimile.

17.     Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), WELLS FARGO was required to provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether WELLS FARGO determined said application to be complete or incomplete. If WELLS FARGO deemed the LMP incomplete, WELLS FARGO was required to state in the written notice the additional documents and information that must be submitted to make the LMP complete and a date within which to submit said documents and information.

18. Thereafter, pursuant to 12 C.F.R. § 1024.41(c), WELLS FARGO was required to provide a written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, WELLS FARGO will offer Plaintiff.

19. A "*complete loss mitigation application*" is defined as "an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigations options available to the borrower." 12 C.F.R. § 1024.41(b)(1).

20. WELLS FARGO violated 1024.41(b)(2)(i)(B) by failing to provide a notice acknowledging receipt of the LMP within five (5) business days. As such, the LMP was considered "facially complete" on July 22, 2014, pursuant to 1024.41(c)(2)(iv).

21. In the CFPB's Summer 2015 Supervisory Highlights, the CFPB stated:

> The Consumer Financial Protection Bureau (CFPB or Bureau) remains committed to transparency in its supervisory program by sharing key findings in order to help industry limit risks to consumers and comply with Federal consumer financial law. […] A high priority for Supervision has been to ensure compliance with the CFPB mortgage servicing rules that took effect on January 10, 2014 […] Regulation X sets forth requirements for soliciting, completing, and evaluating loss mitigation applications. As part of these requirements, servicers must notify borrowers in writing within five days after receiving a loss mitigation application acknowledging that it received the application, and stating whether it is complete or incomplete. If the application is incomplete, the servicer must list in its notice the additional documents and information the borrower must submit to complete the application, often called "acknowledgement notices." […] Examiners found that at least one or more servicers failed to send any loss mitigation acknowledgment notices.[1]

22. For the next several months, WELLS FARGO made a superfluous number of requests for documentation purportedly required to complete the LMP.

23. With trial scheduled for November 10, 2014, Plaintiff became anxious about his LMP.

---

[1] *Supervisory Highlights, Summer 2015 – Consumer Financial Protection Bureau*, http://files.consumerfinance.gov/f/201506_cfpb_supervisory-highlights.pdf (last visited Jul. 2, 2015).

24. On November 7, 2014, WELLS FARGO requested Loan Lawyers additional documentation required to complete the LMP.

25. That same day, Loan Lawyers emailed WELLS FARGO's counsel as a courtesy to inform them of the upcoming trial and advised them that WELLS FARGO would be in violation of Regulation X if they were to move forward with the trial.

26. Notwithstanding, and knowing that there was a facially complete modification application outstanding, on November 10, 2014, WELLS FARGO moved for judgment against Plaintiff in the Foreclosure in direct contravention of 12 C.F.R. § 1024.41(g).

27. Since November 10, 2014, Plaintiff has had a judgment against him that should never have been entered.

28. Month after month, WELLS FARGO continued to request documentation. This never ending process has lasted nearly an entire year and Plaintiff has yet to receive a determination as to whether WELLS FARGO will offer him a modification.

29. WELLS FARGO has repeatedly asked for documentation, which previously had been provided, and also repeatedly asked for "updated" documentation such as bank statements and pay stubs.

30. WELLS FARGO is not keeping up with the intent of Congress and the CFPB.

31. WELLS FARGO has acted in bad faith in reviewing the LMP.

32. It is inconceivable that WELLS FARGO has taken nearly a year to review the LMP and obtain all the documentation necessary to complete same.

33. With a sale date scheduled for July 14, 2015, Plaintiff is potentially weeks away from losing his home. Plaintiff has suffered irreparable harm as a resulted of WELLS FARGO's delay tactics regarding its evaluation of the LMP.

34. WELLS FARGO has unequivocally violated 12 C.F.R. § 1024.41(b)(1) by failing to "exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application."

35. A determination of loss mitigation options is required to be provided within thirty (30) days of receipt of a complete loss mitigation application pursuant to 12 C.F.R. § 1024.41(c)(1); yet, it has been nearly a year in this case without any determination.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

36. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 35.

37. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

38. Sections 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority

under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

39.     The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

40.     WELLS FARGO has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that WELLS FARGO did not provide a written notice within five (5) business days of receipt of the LMP acknowledging receipt of same and whether WELLS FARGO determined said application to be complete or incomplete.

41.     WELLS FARGO has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(1), in that WELLS FARGO has failed to "exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application."

42.     WELLS FARGO has failed or refused to comply with 12 C.F.R. § 1024.41(g) in that WELLS FARGO moved for foreclosure judgment while knowing that Plaintiff had submitted a "facially complete" loss mitigation application.

43.     As such, WELLS FARGO has violated 12 U.S.C. § 2605(k)(1)(C) and 12 U.S.C. § 2605(k)(1)(E).

44.     Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

45.     Plaintiff is entitled to actual damages as a result of Defendant, WELLS FARGO's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: emotional distress, anxiety, and shock as a result of WELLS FARGO's failure

to comply with its statutory duties under 12 C.F.R. § 1024.41 in the midst of an impending foreclosure sale scheduled to take place on July 14, 2015.

46. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of WELLS FARGO's pattern or practice of noncompliance with Regulation X and RESPA.

47. In this case alone, WELLS FARGO has violated five (5) separate provisions of Regulation X and RESPA.

48. WELLS FARGO has also violated RESPA with respect to loan numbers: ******9342, ******4135, ******6937, and ******7573. This signifies a pattern or practice of noncompliance.

49. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, EDUARDO BUSCA, respectfully asks this Court to enter an order granting judgment for the following:

(a) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(b) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, EDUARDO BUSCA, hereby demands a trial by jury of all issues so triable.

        Respectfully Submitted,

        /s/ Aaron Silvers
        Aaron Silvers, Esq.
        Florida Bar No.: 104811
        E-mail: asilvers@floridaloanlawyers.com
        Yechezkel Rodal, Esq.
        Florida Bar No.: 91210
        E-mail: chezky@floridaloanlawyers.com
        LOAN LAWYERS, LLC
        *Attorneys for Plaintiff*
        2150 S. Andrews Ave., 2nd Floor
        Fort Lauderdale, FL 33316
        Telephone:    (954) 523-4357
        Facsimile:    (954) 581-2786